**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| HUMANA INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 3:24-CV-2568 |
| v. | ) | |
| | ) | |
| DELIVER MY MEDS CORP. and | ) | |
| CGM MONITORS CORP., | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF HUMANA INC.'S BRIEF IN OPPOSITION
TO DEFENDANTS' MOTION TO DISMISS**

# TABLE OF CONTENTS


**INTRODUCTION**......................................................**1**

**BACKGROUND**......................................................**2**

**ARGUMENT**......................................................**5**

I. The Court Has Jurisdiction Over Humana's Claims Against Defendants And Defendants' Motion to Dismiss Pursuant to Rule 12(b)(1) Should Be Denied ......................................................5

A. Humana Has Standing To Bring Its Claims Against Defendants ......................................................5

B. Humana's Claims Are Ripe ......................................................6

II. Defendants' Motion To Dismiss Pursuant To Rule 12(b)(6) Should Be Denied ......................................................8

A. Humana's Complaint Satisfies The Rule 9 Pleading Requirements For Fraud ......................................................9

B. Humana Properly Pleads A Claim Under ERISA ......................................................10

C. Humana Properly Pleads A Claim Under The Texas Theft Liability Act ......................................................12

III. Humana Should Be Afforded The Opportunity To Amend ......................................................13

**CONCLUSION** ......................................................**14**

# TABLE OF AUTHORITIES

## Cases

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) .... 9
*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) .... 9
*CIGNA Corp. v. Amara*, 563 U.S. 421 (2011) .... 11
*Corsaro v. Columbia Hosp. at Med. City Dall Subsdiary LP*, No. 3:21-CV-01748-N, 2022 U.S. Dist. LEXIS 109232 (N.D. Tex. June 21, 2022) .... 11
*Gearlds v. Entergy Servs., Inc.*, 709 F.3d 448 (5th Cir. 2013) .... 11
*Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787 (5th Cir. 2011) .... 8
*Humana, Inc. v. Shrader & Associates, LLP*, 584 B.R. 658 (S.D. Tex. 2018) .... 11, 12
*Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) .... 6
*Olufemi-Jones v. Bank of Am., N.A.*, No. 3:12-CV-3428-L, 2013 U.S. Dist. LEXIS 51464 (N.D. Tex. April 10, 2013) .... 13
*Pauwels v. Allied Pilots Ass'n*, No. 4:23-CV-00851-O, 2024 U.S. Dist. LEXIS 185243 (5th Cir. October 10, 2024) .... 5
*Perez v. Bruister*, 823 F.3d 250 (5th Cir. 2016) .... 11
*Safe Home Sec., Inc. v. Phila. Indem. Ins. Co.*, 581 F. Supp. 3d 794 (N.D. Tex. 2021) .... 13
*State Farm Life Ins. Co. v. Bryant*, No. 3:18-CV-1628-L; 2020 U.S. Dist. LEXIS 94709 (N.D. Tex. May 30, 2020) .... 6
*XCO Latin Workout, LLC v. Torres*, No. 3:20-CV-198-N, 2021 U.S. Dist. LEXIS 126917 (N.D. Tex. July 8, 2021) .... 9

## Other Authorities

Medicare Parts C & D Enrollee Grievances, Organization/Coverage Determinations, and Appeals Guidance, Section 50.2.1 .... 7

## Rules

Fed. R. Civ. P. 12(b)(1) .... 5
Fed. R. Civ. P. 15(a)(2) .... 14

Plaintiff Humana Inc. ("Humana"), by and through its undersigned counsel, respectfully submits this brief in support of its opposition to Defendants Deliver My Meds Corporation and CGM Monitors Corporation's (collectively "Defendants") Motion to Dismiss, and in support thereof, states as follows:

**INTRODUCTION**

Defendants move to dismiss Humana's complaint pursuant to Rule 12(b)(1) on the grounds that Humana lacks standing and its claims are not ripe and pursuant to Rule 12(b)(6) on the grounds that Humana failed to plead fraud with particularity and failed to sufficiently plead its claims under the Texas Theft Liability Act and ERISA. Defendants are wrong on all issues. Particularly so because Defendants conflate the issues in this case. As plainly stated in the Complaint, Humana seeks to recover payments that it actually made to Defendants due to their scheme. Claims that were denied under prepayment review are irrelevant and Defendants' numerous references to those claims is nothing more than a distraction from the actual issues.

First, the Defendants' motion to dismiss pursuant to Rule 12(b)(1) should be denied because the Court has jurisdiction to hear all of Humana's claims in this case. Defendants contend that Humana lacks standing because it does not allege an injury in fact and instead seeks to recover on behalf of its members. Humana's Complaint could not be clearer and it is indisputable that Humana has standing to bring its claims. Humana alleges that Defendants submitted thousands of fraudulent and improper claims to Humana that should have never been submitted, Humana paid those claims, and Humana sustained damages of nearly $3 million dollars as a result of Defendants' conduct. Defendants also contend that the claims are not ripe because they are still allowed to appeal those claims. However, this argument is based on the prepayment claims that are not the subject of this Complaint. Nevertheless, none of the claims for which Humana seeks monetary

relief are eligible for appeal and any such appeal would be time-barred at this point.

Second, Defendants' motion to dismiss pursuant to Rule 12(b)(6) should also be denied because Humana's Complaint satisfies all applicable pleading requirements, including Rule 9. Humana's Complaint specifically details Defendants' conduct, when that conduct occurred, and what the resulting damages are. Humana's Complaint contains more than enough factual allegations to support the Rule 9 pleading standard. Defendants' separate arguments regarding Humana's ERISA and Texas Theft Liability Act claims are also meritless as Humana sufficiently pleads both causes of action. At best, Defendants present questions of fact which are not appropriate for a Rule 12(b)(6) motion to dismiss.

Lastly, if the Court is inclined to grant any part of Defendants' motion to dismiss, Humana asks for leave to amend its Complaint. Rule 15 creates a strong presumption in favor of granting leave to amend and none of Defendants' arguments are fatal to Humana's case.

## BACKGROUND

Humana is an insurer and third-party administrator for a variety of healthcare plans and policies, including plans under the federal government's Medicare Advantage Program, that provide benefits to covered individuals and dependents throughout all 50 states and Puerto Rico. (Compl. ¶¶ 12-13.) Humana adjudicates millions of healthcare claims each month and expressly relies on providers, like Defendants, to submit and make accurate representations on claims submitted to Humana for payment. (*Id.* ¶¶ 19-21.)

Since January 2022, Defendants have engaged, and continue to engage, in a scheme in which they submit claims for payment to Humana for durable medical equipment, and specifically continuous glucose monitors ("CGM") and related supplies, that intentionally include false and misleading information and/or intentionally conceal or fail to disclose material information. (*Id.*

¶¶ 22-23.) After receiving an internal referral based on Defendant Deliver My Meds ("DMM") submitting false answers on Humana's prior authorization questionnaires, Humana's Special Investigations Unit ("SIU") opened an investigation and began reviewing DMM's claims. (*Id.* ¶ 25-26.) This investigation expanded when Humana discovered in September 2023, that DMM was billing and submitting claims under a new entity, Defendant CGM Monitors ("CGM Monitors"). (*Id.* ¶ 28.)

It is important to reiterate for purposes of this motion, and as specifically alleged in the Complaint, that Humana's investigation was undertaken by Humana's SIU. (*Id.* ¶ 25.) Humana has multiple departments that can and do review provider claims for a variety of issues and concerns. One such other department is the Provider Payment Integrity ("PPI") department. Defendants cite and attempt to rely on a number of policies and procedures of PPI, purportedly to support their arguments for dismissal. However, those procedures and policies are not relevant nor applicable to the claims at issue in this case. Defendants' claims were investigated and reviewed by SIU, an entirely different department with its own procedures and policies, not PPI. Defendants' reliance on those policies is thus misplaced and any reference to those policies should be disregarded.

Humana's SIU investigation uncovered numerous fraudulent acts and practices by Defendants, including, but not limited to, the following: (1) Defendants improperly solicited Humana members that did not provide written permission to be contacted and did not want to be contacted; (2) members and prescribers were harassed by unsolicited calls and faxes from Defendants; (3) Defendants falsely represented to members that the members' physicians ordered the durable medical equipment and/or supplies; (4) Defendants falsely represented to members that the durable medical equipment and/or supplies were free of charge; (5) Defendants submitted

claims to Humana for payment for durable medical equipment and/or supplies that were never requested by nor needed by Humana members; (6) Defendants sent CGM supplies to members and billed Humana despite members returning the CGM device and not needed CGM supplies, (7) Defendants submitted claims for CGM devices and supplies for Humana members who do not have diabetes and/or are not on insulin, and (8) Defendants submitted prior authorization requests to Humana for CGM devices that contained false information regarding the member's clinical history and device training. (Compl. ¶ 33.)

Importantly, Humana has received more than 100 complaints from its members about Defendants. (*Id.* ¶ 31.) That many complaints about a provider in a two-year time span is unheard of and a key indicator of widespread fraud. These members complained of receiving unsolicited telemarketing calls from Defendants offering "free" CGMs, of being inaccurately told their physician had referred them to Defendants, and of being sent CGM supplies that were not requested or needed. (*Id.* ¶ 31.) In addition to the above conduct, Humana's investigation further revealed that Defendants forged, falsified, and/or altered records in an attempt to support their fraudulent claims. (*Id.* ¶¶ 36-39.) Physicians have confirmed that their signatures on written orders were forged. (*Id.* ¶ 37.) Moreover, Defendants submitted the same medical records, supposedly from different providers, for multiple members. (*Id.* ¶¶ 38-39.) Indeed, despite the records purportedly being prepared by different providers for different members, the records reflect the exact same medical information, medical history, prescriptions, and history of presenting illness. (*Id.* ¶ 39.)

While Humana's investigation also included a prepayment review, where Defendants were required to submit medical records to support the claims billed, Defendants conflate the claims that were reviewed and denied under Humana's prepayment review with the claims that were

adjudicated and paid to Defendants and form the bases for the monetary damages that Humana seeks in this case. (Compl. ¶¶ 27, 30, 35.) Defendant DMM was on prepayment review for the time periods January 21, 2023 through March 9, 2023 and June 16, 2023 through the present. (*Id.* ¶ 27.) DMM began submitting claims to Humana in January 2022. (*Id.* ¶ 23.) Accordingly, for more than a year, DMM was submitting claims and being paid on those claims. Similarly, Defendant CGM Monitors began submitting claims to Humana in September 2023 and was not placed on prepayment review until October 30, 2023. (*Id.* ¶¶ 28, 30.) To date, Humana has paid approximately $3 million to Defendants for claims that were submitted, adjudicated, and paid to Defendants (*Id.* ¶ 40.) Humana now seeks monetary damages for those claims that were paid to Defendants based on their fraudulent and improper conduct.

## ARGUMENT

### I. The Court Has Jurisdiction Over Humana's Claims Against Defendants And Defendants' Motion To Dismiss Pursuant to Rule 12(b)(1) Should Be Denied

A motion to dismiss under Rule 12(b)(1) challenges the subject matter jurisdiction of the district court to hear the case. Fed. R. Civ. P. 12(b)(1). A facial attack, as we have here, "challenges jurisdiction based solely on the pleadings." *Pauwels v. Allied Pilots Ass'n*, No. 4:23-CV-00851-O, 2024 U.S. Dist. LEXIS 185243, at *6 (5th Cir. October 10, 2024). "When ruling on a facial attack, the court must presume that factual allegations in the complaint are true and determine whether they establish subject matter jurisdiction." *Id.*

Here, Humana's complaint more than adequately establishes that the Court has subject matter jurisdiction over Humana's claims. Accordingly, Defendants' motion to dismiss should be denied.

#### A. Humana Has Standing To Bring Its Claims Against Defendants

Defendants first argue that Humana does not have standing to bring its claims because it

has not suffered an injury in fact. To make that argument, however, Defendants cherry-pick allegations from Humana's complaint and fail to recognize the actual claims alleged and relief sought in this case.

To satisfy the three requirements of Article III standing, a plaintiff must allege an injury in fact that is fairly traceable to defendant's conduct and likely to be redressed by favorable ruling. *See State Farm Life Ins. Co. v. Bryant*, No. 3:18-CV-1628-L; 2020 U.S. Dist. LEXIS 94709, at *18 (N.D. Tex. May 30, 2020) citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)). Humana's complaint satisfies each of these three requirements. Humana alleges that it sustained damages in the amount of at least $2.8 million resulting from Defendants' conduct of submitting improper and fraudulent claims for durable medical equipment to Humana for payment. (*See, e.g*. Compl. ¶¶ 22, 25-26, 31, 33, 36-39, 40.) An award of damages in this case would remedy that loss. Accordingly, Humana has standing to bring each of its claims against Defendants.

While Humana references the potential injury to its members as a result of Defendants' fraudulent conduct in paragraph 34 of its Complaint, Humana does so only as an additional example of the particularly egregious concerns identified during Humana's SIU review. The potential harm to Humana's members is not the basis for the relief sought in this case. Again, Humana alleges that it sustained damages in the amount of at least $2.8 million when it paid Defendants for fraudulent claims that should have never been submitted to Humana for payment and seeks recovery of those amounts. Humana has satisfied the three requirements for Article III standing. As such, the Court has jurisdiction to hear Humana's claims and Defendants' motion to dismiss should be denied.

**B. Humana's Claims Are Ripe**

Defendants next argue that Humana's claims are not ripe because Defendants have not

exhausted their right to appeal any determination made by Humana on the claims denied under prepayment review. *See* Motion, p. 10. This argument conflates the issues in this case – as stated plainly in the Complaint, Humana is seeking to recover payments that it made to the Defendant due to the Defendant's fraud scheme. Claims denied under prepayment review are wholly irrelevant and not the subject of the Complaint.

As an initial matter, to support their argument, Defendants rely on Humana's PPI prepayment rules. As the Complaint makes clear, Defendants were and are under review by Humana's SIU, not PPI. The PPI procedures and policies are not relevant or applicable to this case, and have no bearing on whether Humana's claims are ripe. Moreover, Defendants' reliance on PPI's reference of 180 days is also incorrect, even if the PPI procedures and policies applied. The policy states that out-of-network providers have 180 days "when applicable state and federal rules are silent." The federal rule, which is applicable here, is 60 days. *See* Medicare Parts C & D Enrollee Grievances, Organization/Coverage Determinations, and Appeals Guidance, Section 50.2.1.

As detailed above, Humana seeks to recover monetary damages for only the claims adjudicated and actually paid to Defendants. As alleged in the Complaint, Humana paid at least $2.8 million to Defendants on their fraudulent claims and is not seeking monetary damages on the prepayment claims that were denied. Accordingly, Defendants' argument that the claims at issue are not ripe because Defendants might still have time to appeal the decisions made on the **prepayment** review claims fails and the Court should deny Defendants' motion to dismiss.

Even if Defendants' argument about the prepayment claims is correct – which it is not – all of Plaintiff's claims are still ripe. For claims that are denied under an SIU prepayment review, providers have 60 days to submit a written request for reconsideration, not 180 days. Defendants

are aware of this time frame as they received findings letters that outlined the time period for filing an appeal for each of the prepayment claims that were denied. *See* Findings Letter attached hereto as Exhibit C. The last claim that DMM submitted to Humana was on July 26, 2024. *See* Affidavit of Justin Cain attached hereto as Exhibit D. Similarly the last claim that CGM Monitors submitted to Humana and was reviewed by SIU was on July 24, 2024. *Id.* Humana filed this action on October 11, 2024, more than 60 days after the last claim for both DMM and CGM Monitors. Defendants would be time barred from appealing any of the claims at issue in this case. Further, there are currently no pending appeals for either Deliver My Meds or CGM Monitors that are waiting to be processed and decided. (*See* Ex. D.)

Second, Defendants seem to suggest that Humana must conduct a post-payment review of Defendants' claims before it can bring any cause of action in court. This argument is wholly without merit. Defendants again rely on PPI procedures and policies which are not applicable to these claims. More importantly, Humana does not have to proceed with a post-payment review of the claims before filing a lawsuit. Defendants cite to no such authority because there is none.

In sum, Humana's claims are ripe for review and the Court has jurisdiction to hear Humana's claims. Accordingly, Defendants' motion must be denied.

## II. Defendants' Motion To Dismiss Pursuant to Rule 12(b)(6) Should Be Denied

Defendants next move to dismiss Humana's complaint pursuant to Rule 12(b)(6). "When considering a motion to dismiss, the court should construe the allegations in the complaint favorably to the pleader and accept as true all well-pleaded facts." *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 803 n. 44 (5th Cir. 2011) (internal citation omitted). A complaint need not contain "detailed factual allegations" but must include sufficient facts to indicate the plausibility of the claims asserted, raising the "right to relief above the speculative level." *Bell Atl.*

*Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Plausibility means that the factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Applying these standards, Defendants' motion to dismiss pursuant to Rule 12(b)(6) should be denied. The well-pleaded facts, the plausibility of the claims asserted, and the reasonable inferences drawn from the Complaint all indicate that Humana has more than satisfied the applicable pleading standards on all claims alleged against the moving Defendants.

**A. Humana's Complaint Satisfies the Rule 9 Pleading Requirements For Fraud**

Defendants contend that Humana has not satisfied the Rule 9 pleading requirements, and specifically, the "when," "what," and "how." Although, it is not particularly clear from their motion, Defendants seems to suggest that Rule 9 applies to all of Humana's claims. Ignoring whether that is correct, Humana's Complaint satisfies the Rule 9 pleading requirements.

Rule 9 requires a plaintiff "to specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *XCO Latin Workout, LLC v. Torres*, No. 3:20-CV-198-N, 2021 U.S. Dist. LEXIS 126917, at *16 (N.D. Tex. July 8, 2021). Humana has done that.

First, Humana's complaint satisfies the "when" and "what" requirement. Humana's complaint alleges that Defendants' have been perpetrating their fraud on Humana since January 2022 when Defendants first began submitting claims, and continue to do so. Humana alleges that all of Defendants claims are fraudulent. However, as outlined in the Complaint, Humana seeks recovery under Count I, and all of its other causes of action, for all claims for which Defendants were actually paid. Defendants cannot be confused or unclear as to "what" claims they were paid on or "when." Nevertheless, attached as Exhibit A is a list of all claims paid to DMM and attached

as Exhibit B is a list of all claims paid to CGM Monitors.[1]

Second, Defendant satisfies the "how" requirement. Contrary to Defendants' assertion, Humana has not had the opportunity to review and deny all of Defendants' claims. As stated in the Complaint, DMM began submitting claims to Humana in January 2022 and was not placed on prepayment review until February 21, 2023. (Compl. ¶ 23, 27.) Moreover, there was a period of time between March 9, 2023 and June 16, 2023 when DMM was not on prepayment review. (*Id.* ¶ 27.) Similarly, CGM Monitors was submitting and being paid on claims prior to October 30, 2023, when it was then put on prepayment review. Moreover, given the substantial volume of claims that Defendants submitted, not all claims were able to be reviewed on prepayment. Some were adjudicated and paid without review. Humana does not allege that Defendants were paid for claims that were reviewed on prepayment review and denied. And Humana does not seek monetary relief for claims that were denied. Humana's complaint makes clear that Humana seeks monetary relief for the claims for which Defendants were actually paid.

The complaint provides more than sufficient detail outlining Defendants' fraudulent and improper scheme to satisfy the Rule 9 pleading requirements. As such, Defendants' motion to dismiss should be denied.

### B. Humana Properly Pleads A Claim Under ERISA

Defendants seek the dismissal of Humana's claim under Section 502(a)(3) of the Employee Retirement Income Security Act ("ERISA") on the grounds that Humana is seeking monetary, not equitable, relief, and that Humana has not identified the correct amount of restitution. Neither basis supports dismissal.

---

[1] Exhibit A and Exhibit B include only claim numbers and do not include any specific member information. Humana will produce specific member information during discovery once a HIPAA qualified protective order has been entered.

Defendants' argument that Humana's ERISA claim must be dismissed because it is seeking monetary, not equitable, relief is without merit. *CIGNA Corp. v. Amara*, 563 U.S. 421, 441 (2011) (announcing "the fact that . . . relief takes the form of a money payment does not remove it from the category of traditionally equitable relief" under ERISA 502(a)(3). Further, a party is entitled to equitable relief under § 502(a)(3) if a fiduciary seeks the restitution of specifically identified funds, the funds belong in good conscience to the plan, and the funds are within the defendants' possession and control. *Humana, Inc. v. Shrader & Associates, LLP*, 584 B.R. 658, 675 (S.D. Tex. 2018) (rejecting an argument similar to Defendants' here and denying a motion to dismiss seeking dismissal of an ERISA 502(a)(3) claim which sought equitable restitution of funds for amounts paid under ERISA health plans).

Despite Defendants' incorrect assertions to the contrary, an appropriate equitable remedy under Section 502(a)(3) may sometimes take the form of money. *See Corsaro v. Columbia Hosp. at Med. City Dall Subsidiary LP*, No. 3:21-CV-01748-N, 2022 U.S. Dist. LEXIS 109232, at *3 (N.D. Tex. June 21, 2022) (noting that "appropriate equitable relief" available under ERISA section 502(a)(3)" can result "in a monetary payment."); *Gearlds v. Entergy Servs., Inc.*, 709 F.3d 448, 451 (5th Cir. 2013) (recognizing that an award of money damages can qualify as "equitable relief" under 502(a)(3) after the Supreme Court's *Amara* opinion). Accordingly, the mere fact that equitable relief may take the form of monetary relief is not a basis for dismissal. *Perez v. Bruister*, 823 F.3d 250, 265 (5th Cir. 2016) ("ERISA does not define 'losses,' but the term includes money damages (called 'equitable restitution' in ERISA cases).")

Defendants further contend that Humana has not provided any detail as to the exact amount owed under the ERISA claim. But then in the next sentence, Defendants contend that Humana is seeking restitution in the amount of $2,896,441.40, "[a]n amount that Plaintiff specifically knows

is not completely comprised of ERISA claims." Mtn. p. 17.

First, Humana does not have to prove at the pleading stage the amount owed under the ERISA claim. *Humana*, 584 B.R. at 672 ("Rule 8 does not require particularity or specificity that can be discovered."). Humana need only include sufficient facts to indicate the plausibility of the claims asserted, raising the right to relief above the speculative level. *Id.* Humana has done that. Again, Humana alleges that it is a fiduciary of its members' ERISA plans, that Humana made payment to Defendants for improper claims, that the payments made to Defendants belong in good conscience to the plans, that the payments were made in contravention to the plan terms, and that Humana seeks to recover those payments on behalf of the plans. (Compl. ¶¶ 94-102.) Humana's ERISA claim satisfies the pleading requirements.

Second, Humana does not allege that it is entitled to restitution under the ERISA claim in the amount of $2,896,441.40. Humana alleges only that it paid $2,896,441.40 in fraudulent claims. (Compl. ¶ 13.) Whether all of that paid amount is for ERISA claims or not is a factual issue that the parties will flush out during the course of discovery. *Humana*, 584 B.R. at 672 ("Rule 8 does not require particularity or specificity that can be discovered."). It is not a basis for dismissal of Humana's ERISA claim.

Humana has properly pled a claim under ERISA and Defendants' motion to dismiss should be denied.

**C. Humana Properly Pleads A Claim Under The Texas Theft Liability Act**

Remarkably, Defendants argue that Humana's claim under the Text Theft Liability Act should be dismissed because Humana consented to the payments made to Defendants. Again, Defendants conflate the issues. As alleged in the Complaint, Humana seeks monetary relief under the Texas Theft Liability Act for claims actually paid to Defendants. None of those claims were

reviewed on prepayment review and denied. Indeed, the claims that Humana seeks monetary damages for are claims that were paid prior to Humana placing the Defendants on prepayment review.

Nevertheless, even if the claims were reviewed under prepayment review, a factual dispute over whether Humana gave consent or not is not a basis for dismissal under Rule 12(b)(6). Humana's Complaint on its face adequately alleges a claim under the Texas Theft Liability Act. "A person commits the criminal offense of theft, as defined under the Texas Penal Code, when he unlawfully appropriates property with intent to deprive the owner of the property." *Safe Home Sec., Inc. v. Phila. Indem. Ins. Co.*, 581 F. Supp. 3d 794, 803 (N.D. Tex. 2021). The elements of a cause of action under the Texas Theft Liability Act are: (1) the plaintiff had a possessory right to property; (2) the defendant unlawfully appropriated property in violation of the Texas Penal Code, and (3) the plaintiff sustained damages as a result of the theft. *Olufemi-Jones v. Bank of Am., N.A.*, No. 3:12-CV-3428-L, 2013 U.S. Dist. LEXIS 51464, at *8-9 (N.D. Tex. April 10, 2013).

Humana alleges that it was in lawful possession of nearly $3 million of its own property, that Defendants acquired possession of that money without Humana's effective consent, that Humana's consent was ineffective because it was induced by deception – Defendants' fraudulent misrepresentations – that Defendants intended to deprive Humana of the money, and that Humana suffered damages as a result. (*See* Compl. ¶¶ 84-92.) Humana sufficiently pleads a claim under the Texas Theft Liability Act and Defendants' motion should be denied.

## III. Humana Should Be Afforded The Opportunity To Amend.

Defendants request that the Court dismiss Humana's complaint with prejudice. As detailed above, Defendants' motion to dismiss should be denied for multiple reasons. Nevertheless, to the extent the Court determines that any portion of Humana's case should be dismissed, Humana

should be afforded leave to amend. Rule 15(a) provides that a district court "should freely give leave [to amend] when justice requires." Fed. R. Civ. P. 15(a)(2). Rule 15(a)(2) creates a strong presumption in favor of granting leave to amend, and the Court must do so, unless there is a substantial reason to deny leave. No such reason exists here.

## CONCLUSION

WHEREFORE Plaintiff Humana Inc. respectfully requests the Court deny Defendants' motion to dismiss, or in the alternative, provide Humana leave to amend the pleading, and any other relief deemed just, proper, and/or equitable.

DATED: January 13, 2025

Respectfully submitted,

By: */s/ Raj Aujla*
Raj Aujla
State Bar No. 24064846
raujla@maynardnexsen.com
**Maynard Nexsen, P.C.**
7373 N. Broadway St.
Suite 403, Office 1 & 2
San Antonio, Texas 78212
Telephone: (512) 696-6557

*/s/ Benjamin N. Moore*
Benjamin N. Moore
State Bar No. 24126198
ben.moore@maynardnexsen.com
**Maynard Nexsen, P.C.**
5949 Sherry Lane, Ste. 1200
Dallas, Texas 75225
Telephone: (469) 676-3765

-and-

Kirstin B. Ives (*pro hac vice to be filed)*
Megan A. Zmick (*pro hac vice to be filed)*
**Falkenberg Ives LLP**
230 W. Monroe, Suite 2220
Chicago, Illinois 60606

312-566-4803
kbi@falkenbergives.com
maz@falkenbergives.com

**CERTIFICATE OF SERVICE**

I hereby certify that on January 13, 2025, a copy of the foregoing Plaintiff's Brief in Opposition to Defendants' MTD was electronically filed via the Court's document filing system which caused it to be served on the following counsel of record:

Mark S. Kennedy
State Bar of Texas No. 24000122
Lurese Terrell
State Bar of Texas No. 24008139
C. Trey Scott
State Bar of Texas No. 24083821
12222 Merit Drive, Suite 17500
Dallas, TX 75251
Telephone: (214) 445-0740
Fax: (972) 661-9320

*Counsel for Defendants*

/s/ *Raj Aujla*___________

Raj Aujla, Esq.