UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| HUMANA INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:24-CV-2568-B |
| | § | |
| DELIVER MY MEDS CORP. and CGM | § | |
| MONITORS CORP., | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION & ORDER

Before the Court is Defendants Deliver My Meds Corp. ("DMM") and CGM Monitors Corp. ("CGM") (collectively "Defendants")'s Motion to Dismiss (Doc. 7). For the following reasons, the Court **GRANTS in part** and **DENIES in part** Defendants' Motion.

I.

BACKGROUND

This case arises out of alleged healthcare fraud. Plaintiff Humana Inc. ("Humana") is one of the country's largest health benefits companies and administers healthcare plans and policies. Doc. 1, Compl., ¶ 12. For example, it insures millions of members under the federal government's Medicare Advantage program. *Id.* When Humana members obtain healthcare services covered by Medicare, the healthcare providers submit claims to Humana for payment. *Id.* ¶ 18. When providers submit claims, they must certify that the information is true and accurate. *Id.* ¶ 20. Humana adjudicates the claims and pays the provider. *Id.* ¶ 18.

Since January 2022, Defendants unlawfully submitted claims to Humana for medical equipment supplies. *Id.* ¶ 3. Defendants submitted false information to seek payment for medical

-1-

equipment. *Id.* ¶ 22. In January 2023, Humana's Special Investigations Unit ("SIU") opened an investigation. *Id.* ¶ 25.

The investigation uncovered that Defendants: improperly solicited Humana members who did not provide written permission to be contacted; harassed Humana members with unsolicited calls; falsely represented to Humana members that their physicians ordered medical equipment; falsely represented to Humana members that the equipment was free; submitted claims to Humana for payment on equipment that the Humana members never requested; billed Humana members for unneeded equipment; submitted claims for diabetes devices for members who did not have diabetes; submitted prior authorization requests to Humana for devices that contained false information regarding the members' clinical history. *Id.* ¶ 33. Physicians confirmed their signatures on Defendants' written orders were forged. *Id.* ¶ 37. Defendants submitted the same medical records for multiple members. *Id.* ¶ 38. To date, Defendants have submitted a total of 19,700 claims for medical equipment. *Id.* ¶ 24. As a result of the investigation, Humana placed Defendants on prepayment review, which remains ongoing. *Id.* ¶¶ 27, 30.

Humana has paid nearly $3 million to Defendants for claims Humana has reason to believe are fraudulent. *Id.* ¶ 40. Humana now seeks monetary damages for those claims. Humana asserts five claims against Defendants: (1) Fraud and Fraudulent Concealment, *id.* ¶¶ 43–60; (2) Negligent Misrepresentation, *id.* ¶¶ 61–71; (3) Money Had and Received/Unjust Enrichment, *id.* ¶¶ 72–82; (4) Texas Theft Liability Act, *id.* ¶¶ 83–92; and (5) Employment Retirement Income Security Act ("ERISA") § 502(a)(3), *id.* ¶¶ 93–102. Defendants filed a Motion to Dismiss, arguing that Humana lacks standing and failed to state a claim for relief. Doc. 8, Mot., 3–4. The Court considers their Motion below.

## II.

## LEGAL STANDARDS

A.  *Subject-Matter Jurisdiction*

Article III of the Constitution limits federal-court jurisdiction to actual "Cases" and "Controversies." U.S. CONST. art. III, § 2. Where a court lacks the constitutional power to adjudicate a case, it must dismiss it for lack of subject-matter jurisdiction under Rule 12(b)(1). *See Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). The party invoking federal jurisdiction, not the party moving for dismissal, bears the burden of establishing subject-matter jurisdiction. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992).

"The justiciability doctrines of standing, mootness, political question, and ripeness all originate in Article III's case or controversy language." *Choice Inc. v. Greenstein*, 691 F.3d 710, 715 (5th Cir. 2012) (quotation and alteration omitted). To have standing, a plaintiff must "demonstrate a 'personal stake' in the suit." *Camreta v. Greene*, 563 U.S. 692, 701 (2011) (quoting *Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009)). To demonstrate such a personal stake a plaintiff must show: (1) an injury in fact; (2) a causal connection between the injury and the conduct complained of; and (3) a likelihood that a favorable decision would redress the injury. *Lujan*, 504 U.S. at 560–61. "At the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice." *Id.* at 561.

A federal court may exercise jurisdiction over an actual controversy, but not premature or speculative issues. *Shields v. Norton*, 289 F.3d 832, 835 (5th Cir. 2002). A case is ripe for adjudication if all remaining questions are legal and further factual development is unnecessary. *New Orleans Pub. Serv., Inc. v. Council of the City of New Orleans*, 833 F.2d 583, 587 (5th Cir. 1987). The "basic rationale

[for ripeness] is to prevent the courts, through premature adjudication, from entangling themselves in abstract disagreements." *Thomas v. Union Carbide Agr. Prods. Co.*, 473 U.S. 568, 580 (1985).

B.      *Failure to State a Claim*

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 12(b)(6) authorizes dismissal of a plaintiff's complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). In considering a Rule 12(b)(6) motion to dismiss, "[t]he court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (citation and internal quotations omitted). But the "court will not look beyond the face of the pleadings to determine whether relief should be granted based on the alleged facts." *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999).

To survive a motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). When well-pleaded facts fail to meet this standard, "the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Id.* at 679 (internal quotations and alterations omitted).

## III.

## ANALYSIS

The Court **GRANTS in part** and **DENIES in part** Defendants' Motion to Dismiss. First, Humana has standing to sue because it alleged an injury and its claims are ripe. Second, Humana stated a claim for relief on all its claims except for its ERISA claim. The Court grants Humana leave to amend its ERISA claim.

A. *The Court Has Subject-Matter Jurisdiction Over This Suit.*

The Court has subject-matter jurisdiction because Humana alleged an injury and its claims are ripe.

### 1. Humana Alleged an Injury.

To have standing, Humana must allege an injury-in-fact that is fairly traceable to the Defendants' conduct and likely to be redressed by a favorable ruling. *See Lujan*, 504 U.S. at 560–61. Defendants argue that Humana did not adequately allege an injury because its Complaint alleged how its members were also harmed by Defendants' actions. Doc. 8, Mot., 8. Defendants argue that Humana's Complaint should be dismissed because Humana attempts to recover on behalf of its members. *Id.* The Court disagrees. Humana alleged an injury. It alleges that it sustained at least $2.8 million in economic damages because Defendants submitted fraudulent claims. Doc. 1, Compl., ¶¶ 22, 25–26, 31, 33, 36–39, 40. Awarding damages would remedy that loss. While Humana's Complaint references potential injuries its members suffered because of Defendants' conduct, it does not seek to recover or sue on their behalf. The Complaint establishes that Humana seeks to recover the economic damages that Humana itself sustained due to Defendants' fraudulent billing

practices. *Id.* ¶¶ 91–92. Therefore, Humana alleged an injury that is fairly traceable to Defendants' conduct and likely to be redressed by awarding monetary damages.

    2.    <u>Humana's Claims Are Ripe.</u>

"A court should dismiss a case for lack of 'ripeness' when the case is abstract or hypothetical." *New Orleans Pub. Serv., Inc.*, 833 F.2d at 586 (citing *Thomas*, 473 U.S. at 581–82. A claim is not ripe if it "rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." *Texas v. United States*, 523 U.S. 296, 300 (1998) (internal quotation omitted)).

Humana's claims are ripe. Defendants erroneously argue that Humana's claims are not ripe because Defendants "have yet to exhaust their ability to appeal" decisions on their claims under Humana's internal prepayment review policies. Doc. 8, Mot., 10. Whether Humana is conducting an internal prepayment review investigation is irrelevant to the question of whether this case is ripe for legal review. Humana's central allegation—that Defendants defrauded Humana by submitting false medical claims—does not rest upon future events occurring. *See Texas*, 523 U.S. at 300. The harm alleged has already occurred even if Humana has not conducted an exhaustive internal review of Defendants' billing practices. Thus, Humana's claims are ripe.

B.    *Humana Plausibly Alleged All But Its ERISA Claim.*

Humana plausibly alleged all but its ERISA claim. First, Humana pleaded its fraud and negligent misrepresentation claims with particularity. Second, Humana failed to state a claim under ERISA, but the Court grants leave to amend. Third, Humana stated a claim under the Texas Theft Liability Act.

      1.      <u>Humana Pleaded Its Fraud and Negligent Misrepresentation Claims With Particularity.</u>

The elements of a common law fraud claim under Texas law are: "(1) that a material representation was made; (2) the representation was false; (3) . . . the speaker knew it was false or made it recklessly . . . ; (4) the speaker made the representation with the intent that the other party should act upon it;" (5) the other party relied on it; and (6) the party was injured because of its reliance. *Allstate Ins. Co. v. Receivable Fin. Co., LLC*, 501 F.3d 398, 406 (5th Cir. 2007) (citing *In re FirstMerit Bank, N.A.*, 52 S.W.3d 749, 758 (Tex. 2001)).

Fraud claims are subject to a heightened pleading standard. To survive a motion to dismiss, a plaintiff must allege the elements of fraud with particularity. FED. R. CIV. P. 9(b); *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 339 (5th Cir. 2008). "Rule 9(b) requires the complaint to set forth 'the who, what, when, where, and how' of the events at issue." *Dorsey*, 540 F.3d at 339 (quoting *ABC Arbitrage Plaintiffs Grp. v. Tchuruk*, 291 F.3d 336, 350 (5th Cir. 2002)). "When claims for fraud and negligent misrepresentation are based on the same set of alleged facts, Rule 9(b)'s heightened pleading standard generally applies to both." *Hoffman v. AmericaHomeKey, Inc.*, 23 F. Supp. 3d 734, 747 (N.D. Tex. 2014) (Boyle, J.).

Humana alleged the "who, what, when, where, and how" of its fraud and negligent misrepresentation claims. Defendants argue that Humana failed to allege the what, when, and how. Doc. 8, Mot., 13. Defendants argue that Humana fails to identify what specific claims submitted by Defendants were fraudulent and when Defendants submitted them. *Id.* at 13–14. But Humana alleges that the fraud began in January 2022 and that all the claims that Humana paid Defendants for were fraudulent. *See* Doc. 1, Compl., ¶¶ 2, 40 ("Humana has paid $2,896,441.40 for claims that were billed by Defendants based on these false and fraudulent claims."). Therefore, Defendants have

fair notice of the "what" and "when" because they know which claims they have received payment for and when those claims were submitted.

Humana also alleged the how of its claims. Humana explains in great detail how Defendants submitted fraudulent claims. Humana alleges that Defendants falsely represented to members that their physicians ordered medical equipment; falsely represented to members that the equipment was free of charge; submitted claims to Humana for payment that its members never requested; billed members for returned and unneeded equipment; submitted claims for diabetes devices for members who did not have diabetes; and submitted prior authorization requests to Humana that contained false information regarding the members' clinical history. *Id.* ¶ 33. Humana also alleges that physicians confirmed that their signatures were forged on written orders and that Defendants submitted the same medical records for multiple members. *Id.* ¶¶ 37–38. This provides ample information on how Defendants defrauded Humana.

Defendants argue that because some of their claims are still on prepayment review, Humana has failed to plead how Defendants were paid for these claims. Doc. 8, Mot., 15. But even if some of the claims are still under review, Humana has "set forth specific facts supporting an inference of fraud" by alleging how Defendants generally submitted fraudulent medical claims for which Humana has already paid nearly $3 million. *Melder v. Morris*, 27 F.3d 1097, 1102 (5th Cir. 1994); Doc. 1, Compl., ¶ 40. Thus, the Court finds Humana has alleged enough facts to plead fraud and negligent misrepresentation with particularity.

    2.    <u>Humana Failed to State a Claim Under ERISA.</u>

Section 502(a)(3) provides that a fiduciary can bring a civil action "(A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain

other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan." 29 U.S.C. § 1132(a)(3). Humana alleged it is a fiduciary. But its ERISA claim fails because it failed to allege that it seeks equitable relief.

"The Supreme Court has narrowly interpreted [§ 502(a)(3)'s provision for] 'other appropriate equitable relief' to include only 'those categories of relief that were typically available in equity.'" *Cigna Healthcare of Tex., Inc. v. VCare Health Servs., PLLC*, No. 3:20-CV-0077-D, 2020 WL 3545160, at *2 (N.D. Tex. June 29, 2020) (Fitzwater, J.) (citing *Sereboff v. Mid Atl. Med. Servs., Inc.*, 547 U.S. 356, 361 (2006)). "Money damages are not typically available in equity." *Cent. States, Se. & Sw. Areas Health & Welfare Fund ex rel. Bunte v. Health Special Risk, Inc.*, 756 F.3d 356, 363 (5th Cir. 2014). "For money damages to be available under a theory of restitution, both the basis of the claim and the nature of the relief must be equitable." *Id.* If "the plan fiduciary seeks restitution in equity in the form of a constructive trust or equitable lien, the action" is considered equitable. *Cigna*, 2020 WL 3545160, at *2.

A plaintiff seeks restitution in equity "where money or property identified as belonging in good conscience to the plaintiff could clearly be traced to particular funds or property in the defendant's possession." *Great-West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204, 213 (2002). By contrast, a plaintiff seeks legal restitution when he seeks "to obtain a judgment imposing a merely personal liability upon the defendant to pay a sum of money." *Id.* A plaintiff can also establish that there was an equitable lien by agreement. *See Sereboff*, 547 U.S. at 368.

Humana has not plausibly alleged that its damages can be traced to particular funds or that there was an equitable lien by agreement. Humana alleges that it "is a fiduciary of its members' ERISA plans and seeks to recover improper payments made by those plans to Defendants." Doc. 1,

Compl., ¶ 97. The parties dispute whether Humana's claim under § 502(a)(3) is equitable or legal. Defendants argue that Humana "is utilizing ERISA to seek reimbursement of all claims paid" (rather than just claims associated with ERISA accounts) and is therefore seeking legal relief. Doc. 8, Mot., 17. Humana argues that its ERISA claim seeks only the restitution of specifically identified funds that belong to the ERISA plan. Doc. 10, Pl.'s Resp., 11.

Humana alleges no facts to indicate that it seeks funds that can be clearly traced to particular funds or property in Defendants' possession. For example, in *Cigna*, an insurance company alleged that a healthcare provider engaged in fraudulent billing practices. 2020 WL 3545160, at *1. The insurance company sought to recover nearly $2 million in alleged overpayments, but the Court found that it failed to plausibly allege that the overpayments could be clearly traced to funds in the defendant's possession. *Id.* at *6 ("Cigna does not allege that the funds are traceable at all."). Here, too, Humana does not allege that the funds are traceable. Nor does Humana allege that there was an equitable lien by agreement. As such, Humana has not plausibly alleged that the basis of its claim or the basis of the underlying remedies it seeks are equitable. Thus, the Court dismisses Humana's ERISA claim.

   3. <u>Humana Stated a Claim Under the Texas Theft Liability Act.</u>

To state a claim for a civil theft under the Texas Theft Liability Act, Humana must allege: (1) it "had a possessory right to the property," (2) that Defendants "unlawfully appropriated property in violation of the theft provisions of the Texas Penal Code," and (3) that Humana "sustained damages as a result of the theft." *In re Minardi*, 536 B.R. 171, 185–86 (E.D. Tex. 2015). Under the Texas Penal Code, "appropriation of property is unlawful if . . . it is without the owner's effective

consent." TEX. PENAL CODE § 31.03(b)(1). Consent is not effective if it is induced by deception. *Id.* § 301.01(1)(E).

Here, Humana alleges that it had a possessory right to $2.8 million; that Defendants unlawfully appropriated the $2.8 million by lying to Humana because Humana did not give effective consent to transfer the funds; and that Humana has been financially harmed by the theft. Doc. 1, Compl., ¶¶ 40, 84–91. Defendants argue Humana consented because (1) some of the payments are still under review and (2) Humana "had the opportunity to review all of Defendants [sic] claims prior to payment." Doc. 8, Mot., 17. As to the first point, reviewing claims for fraud does not imply consent. As to the second point, even if Humana had the opportunity to review the claims before payment, Humana argues that it could not have given consent because Defendants made false representations on their claims. Doc. 1, Compl., ¶ 90. Given that Humana alleges its consent was induced by deception, it stated a claim for relief under the Texas Theft Liability Act.[1]

C.  *The Court Grants Leave to Amend.*

The Court grants Humana leave to amend its ERISA claim. "[D]istrict courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal." *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002). Because Humana has requested to amend its Complaint and the defects do not appear incurable, the Court grants leave to file a first amended complaint.

---

[1] Defendants move to dismiss Humana's Complaint in its entirety, but do not explain why Humana's money had and received and unjust enrichment claims should be dismissed. *See generally* Doc. 8, Mot. Dismiss. Accordingly, the Court will not consider Defendant's request to dismiss these claims.

IV.

CONCLUSION

For the foregoing reasons, the Court **GRANTS in part** and **DENIES in part** Defendants' Motion to Dismiss (Doc. 7). Humana's ERISA claim is **DISMISSED WITHOUT PREJUDICE**. Should Humana choose to file an amended complaint, it must do so within **21 days** of this order.

**SO ORDERED**.

**SIGNED: April 9, 2025.**

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE